Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2568 | **DATE** | May 3, 2013 |
| **CASE TITLE** | Jeremiah McGee (#R-50463) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The curt authorizes and orders the trust fund officer at East Moline Correctional Center to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to the supervisor of the office of inmate trust fund accounts at East Moline Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice and Defendants State of Illinois and Stateville Correctional NRC are dismissed as Defendants. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies), naming suable Defendants. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Plaintiff, Jeremiah McGee, presently in state custody at East Moline Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, State of Illinois and Stateville Northern Reception and Classification Center, have subjected him to deliberate indifference to a substantial risk of serious harm by forcing him to share a cell with a dangerously violent inmate. Plaintiff alleges that although he notified Stateville Officials that he was in fear for his safety, for 45 days, starting on January 23, 2013, he was housed with a dangerously violent inmate and was forced to fight for his life.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.23. The supervisor of inmate trust accounts at East Moline Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The East Moline inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the court finds that he has articulated a colorable federal claim for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The court recognizes, in light of the dates alleged, that Plaintiff may not have exhausted his administrative remedies prior to filing suit. Exhaustion is an

| STATEMENT |
|---|

affirmative defense, however, and that issue can be raised by Defendants, if appropriate, should Plaintiff submit an acceptable amended complaint requiring a response.

He has not yet done so. The complaint before the court does not identify a suable entity as a Defendant. The State of Illinois and Stateville Correctional Center are not proper Defendants. *See Conway v. Cowell*, Case No. 12-311-GPM, 2012 U.S. Dist. LEXIS 55492, (S.D. Ill. April 20, 2012) (Murphy, J.) Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment–even from constitutional claims brought pursuant to 42 U.S.C. § 1983. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984); *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009); *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, *see Ex Parte Young*, 209 U.S. 123 (1908), such a suit cannot be filed against the State directly and Plaintiff has not properly sought such relief in this case. *Id.* Accordingly, the State of Illinois is not a proper Defendant. And, because a suit against a correctional center within the Illinois Department of Corrections and/or the Department itself is a suit against the State of Illinois, Stateville NRC is not a proper Defendant, either. Both are dismissed as Defendants.

Plaintiff must name as Defendants the individual correctional officer(s) administrators who allegedly were deliberately indifferent to Plaintiff's risk of serious harm. If Plaintiff cannot name the individuals, he can name a supervisory official (such as Warden Michael Lemke) for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Michael Lemke in order to identify unknown Defendants, in his present complaint, he asserts no claims against Warden Lemke to hold him personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior)*. Thus, Warden Lemke, or some other supervisor should be named as a Defendant in the amended complaint only if he is needed to help Plaintiff identify the unnamed administrative or correctional personnel.

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* FED. R. CIV. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to add their names as Defendants. Summonses will then issue for service on Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the correctional officers as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.