# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2568 | **DATE** | June 10, 2013 |
| **CASE TITLE** | Jeremiah McGee (#R-50463) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a proposed amended complaint, as ordered. The Clerk is directed to issue summons for Defendant Michael Lemke, and the United States Marshals Service is appointed to serve him. The Clerk is directed to amend the caption of the complaint to reflect that Defendant Lemke is the only Defendant. Plaintiff may proceed with his complaint, but Lemke remains as a Defendant solely for the purpose of discovering the identities of the individuals who were personally involved in the alleged constitutional violations. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■ **[For further details see text below.]**

**Docketing to mail notices.**

## STATEMENT

Plaintiff, Jeremiah McGee, presently in state custody at East Moline Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, State of Illinois, Stateville Northern Reception and Classification Center, and Stateville Warden Michael Lemke were deliberately indifferent to a substantial risk of serious harm when they forced him to share a cell with a dangerous inmate. Plaintiff alleges that although he notified Stateville Officials that he was in fear for his safety, he was nevertheless housed for 45 days, starting on January 23, 2013, with a dangerously violent inmate and was forced to fight for his life. The court previously dismissed Defendants State of Illinois and Stateville, NRC, ordering Plaintiff to submit a proposed amended complaint naming the Defendants directly involved in the alleged deprivation of his constitutional rights. Plaintiff has submitted his amended complaint, as ordered.

Having reviewed Plaintiff's allegations pursuant to 28 U.S.C. § 1915A, the court concludes that the proposed amended complaint states a colorable cause of action under the Civil Rights Act for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As noted in the court's May 3, 2013 order, the dates in the complaint suggest that Plaintiff may not have exhausted his administrative remedies prior to filing suit. Exhaustion is an affirmative defense, however, and that issue may be raised by Defendant, if appropriate.

The court will allow Plaintiff to proceed, but concludes that he has not stated a valid claim against Defendant Lemke because he has not alleged direct, personal involvement on Lemke's part, as required by relevant case law. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Lemke's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir.2005) (citations omitted.)

The fact that Defendant Lemke holds a supervisory position is insufficient for this purpose, as the doctrine of

AWL

# STATEMENT

*respondeat superior* (blanket supervisory liability) does not apply in actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Because Plaintiff has failed to state any facts suggesting that Defendant Lemke was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

Though Plaintiff has not stated a claim against Defendant Lemke, Lemke will remain in the case for purposes of identifying the individual correctional officer(s) who allegedly subjected Plaintiff to deliberate indifference. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Plaintiff may serve discovery requests on Defendant Lemke to obtain information about the names of the officers in question, and is urged to do so as quickly as possible because the statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Thus, once Defendant Lemke has filed his appearance and has answered, Plaintiff should serve discovery requests for information concerning the identity of the individual Defendants who were allegedly involved in violating Plaintiff's rights and use that information to can amend his complaint in a timely fashion.

The Clerk shall issue summons for service of the complaint on Defendant Lemke. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, however, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013), and will review several factors in determining whether to do so, including whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and whether the case is too factually or legally difficult for the prisoner to handle on his own, in light of his education, his litigation experience, and his communication skills. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). After considering the above factors, the court concludes that the solicitation of counsel is not warranted at this stage. Plaintiff has presented no information concerning his efforts to retain private counsel, has not identified any physical or mental limitations on his ability to proceed, and has submitted coherent pleadings to date. His motion for attorney representation is denied without prejudice to renewal, should circumstances warrant.