UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEREMIAH McGEE (#R-50463) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 2568 |
| | ) | |
| MICHAEL LEMKE, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremiah McGee (hereinafter "Plaintiff" or "McGee"), an Illinois prisoner currently confined at Pontiac Correctional Center, brought this action under 42 U.S.C. § 1983 against former Stateville Correctional Center Warden Michael Lemke. Plaintiff alleges that he was subjected to deliberate indifference to a substantial risk of serious harm from his cellmate, Jamal Taylor. Defendant Lemke has moved for summary judgment [29], arguing that Plaintiff failed to exhaust administrative remedies and cannot establish that Defendant Lemke was deliberately indifferent to a known risk of harm. Plaintiff has failed to respond to the substantive argument, but has submitted correspondence addressing Defendant's argument regarding exhaustion.

For the reasons stated herein, the court concludes that summary judgment is appropriate.

## FACTS

The standards that govern this motion are familiar. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). In considering a motion for summary judgment, this court construes the facts and draws all reasonable inferences in favor of the non-movant, *Jajeh*, 678

F.3d at 566, but where the moving party demonstrates the absence of a disputed issue of material fact, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010).

Consistent with this court's local rules, in support of his motion, Defendant filed a Local Rule 56.1(a)(3) Statement of Material Facts [33], citing evidentiary material in support of each statement. Defendant also filed and served the appropriate notice to *pro se* litigants [30], explaining the requirements of Local Rule 56.1. Though notified of the requirements, Plaintiff did not submit a Local Rule 56.1(b)(3)(C) statement of additional facts and did not, in any instance, cite portions of the record in support of his denials of Defendant's statements. He did submit two letters regarding exhaustion. The court construes his submissions, and the record evidence, in the light most favorable to him.

Plaintiff's action, filed under 42 U.S.C. § 1983, names just one Defendant: Former Warden Michael Lemke. McGee alleges Defendant Lemke violated McGee's Eighth Amendment rights by acting with deliberate indifference in regards to his cell assignment and in failing to protect Plaintiff from his cellmate, Jamal Taylor ("Taylor"). (Def. Statement of Facts ¶ 1.) Plaintiff was transferred to the Northern Reception Center at Stateville on January 23, 2013, and was assigned to and placed in Cell No. T-211, where inmate Jamal Taylor was also housed. (Def. Statement of Facts ¶ 3.) Plaintiff remained cellmates with Taylor for approximately forty-five days. *Id.*

Plaintiff did not want to share a cell with Taylor because he believed Taylor was a murderer, "had some problems," "was never ever going home," and was "agitated." (Def. Statement of Facts ¶ 4.) Though Taylor was calm at times, at other times Taylor would eat Plaintiff's food while Plaintiff was sleeping, leading to regular fights between the two inmates.

2

(Def. Statement of Facts ¶ 5.) The two men fought on a daily basis. *Id.* On two occasions, Plaintiff woke up to find Taylor attempting to touch Plaintiff's groin area. *Id.* These incidents, too, led to fights in which Plaintiff was forced to defend himself. *Id.*

Plaintiff never saw, spoke to, or wrote to Defendant Lemke, and he acknowledges that neither Lemke nor anyone else observed the fights with Jamal Taylor. (Def. Statement of Facts ¶ 6; Plaintiff's Deposition, Exhibit A to Def. Statement of Facts, at 34, 35 ("I never seen him. I don't even know how he look."); 53.) He acknowledges, further, that he never advised anyone that he was in fear for his life or that he wanted a cell change. (Plaintiff's Dep., at 68 (Q. "Did you ever tell anyone you were in fear for your life?" . . . A. "No. There's nobody I could tell.") Plaintiff claims, however, that he did send two grievances to his counselor, requesting a transfer from his cell with Taylor. (Def. Statement of Facts ¶ 7.) Plaintiff recalled that he sent one grievance during his first week in the cell with Taylor and the second grievance during the following week, and that he marked both grievances as emergencies. According to Plaintiff, the grievances explained that he needed to be transferred because he was not getting along with Taylor, that Taylor was a murderer, and that he and Taylor were fighting every day. (Def. Statement of Facts ¶ 8.) Plaintiff further testified that he never received a response to either of the grievances. *Id.*

In response to this lawsuit, Grievance Officer Anna McBee performed a search of the records maintained by the Grievance Office at the Northern Reception Center; her search uncovered two emergency grievances filed by Plaintiff during his time at the NRC, but she asserts that neither of them relates to the allegations in the complaint before this court. Chairman Thomas Keen performed a search of the records maintained by the Illinois Department of Corrections' Administrative Review Board, which considers appeals from inmate grievances; Keen found no record that Plaintiff had appealed any grievances regarding the allegations before this court. (Def. Statement of Facts ¶ 18.) Defendant therefore asserts that

Plaintiff has not filed grievances on either of the following issues: (1) Plaintiff was in fear for his life while in a cell with Jamal Taylor; or (2) Defendant Lemke was deliberately indifferent to his complaints regarding being placed in a cell with Jamal Taylor. (Def. Statement of Facts ¶ 19.)

Plaintiff filed his complaint in this court on April 4, 2013. On June 10, 2013, this court entered an order permitting Plaintiff to proceed, but explaining that "Lemke remains as a Defendant solely for the purpose of discovering the identities of the individuals who were personally involved in the alleged constitutional violations." (Def. Statement of Facts ¶ 2.) During a telephone status with this court on November 19, 2013, defense counsel provided the Plaintiff with the name of the placement officer, Karen Rabideau. *Id.* The order entered by this court following that telephone conference granted Plaintiff leave to amend his complaint to name Ms. Rabideau as a Defendant within 21 days. Plaintiff declined to do so. In a further telephone conference several months later, Plaintiff acknowledged that Defendant had disclosed Ms. Rabideau's name and advised this court that he would not be filing an amended complaint. Minute Entry in 13cv2568 [36].

## DISCUSSION

### A. Exhaustion of Administrative Remedies

Initially, Defendant argues in his motion for summary judgment that Plaintiff failed to exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement and prohibits a lawsuit challenging prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules concerning the form and timeliness of grievances, and is barred from pursuing relief in federal court if he does not avail himself of the administrative grievance process, in the manner and at the time called for by the process. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002): *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); see also *Woodford v Ngo*, 548 U.S. 81, 90 (2006). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

There is little reliable evidence on Plaintiff's compliance with this requirement. Defendant has uncovered two emergency grievances that Plaintiff filed during the relevant time period, but Defendant asserts that neither of these relates to the concern about Plaintiff's sharing a cell with Jamal Taylor. Because Defendant did not submit copies of those grievances, however, the court is unable to assess that assertion. Plaintiff himself offers no more than two letters to the court asserting that he did submit grievances. As he sees it, he "went threw [sic] all my Procedures; I did everything I had to do." (5/22/2014 Letter from Jeremiah McGee, [40].) Without an explicit statement to that effect, Plaintiff suggests he received no response; he asserts "I just left NRC Stateville and I witness it all again I be around people that put grievances in and never got them back." A prison official's failure to respond to an inmate's grievance can render administrative remedies "unavailable" and effectively excuse the exhaustion requirement. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005), citing *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002). Defendant has not established the absence of any disputes of fact concerning Plaintiff's exhaustion of administrative remedies, and ordinarily the appropriate course would be to convene a *Pavey* hearing to resolve the issue. *See Wagoner v. Lemmon*, No. 13-3839, ___ F.3d ___, 2014 WL 449967 (7th Cir. Feb. 4, 2015), addressing the procedure established in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In this

case, however, the court is prepared to proceed to the merits, because it is clear that there are no disputes of material fact with respect to the substance of Plaintiff's claim against Defendant Lemke.

### B. Plaintiff Cannot Establish Deliberate Indifference

Even if Plaintiff had exhausted his administrative remedies prior to filing suit, the record contains no evidence that Defendant Lemke subjected him to deliberate indifference to a substantial risk of serious harm. The Eighth Amendment, as applied to the various states through the Fourteenth Amendment, requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). "While prison officials have a duty to protect inmates from violence at the hands of other inmates, not every injury within a prison is an Eighth Amendment violation." *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002).

To prove a failure to protect claim, a plaintiff must establish that: (1) he faced a substantial risk of serious injury, and (2) the defendant acted with deliberate indifference to that risk. *Farmer*, 511 U.S. at 834; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Mere negligence is insufficient. *Farmer*, 511 U.S. at 835. In order to establish liability, plaintiff must show that the officer actually knew of a substantial risk of harm to the plaintiff's safety, yet failed to take appropriate steps to protect him from the specific danger. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). In other words, knowledge of only a general risk of violence is insufficient. *Id.*; *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005); *Brown*, 398 F.3d at 909. A failure-to-protect claim ordinarily requires proof that the officer knew of a risk of violence specific to the inmate. *See Fisher*, 414 F.3d at 664; *Butera*, 285 F.3d at 607.

By his own account, Plaintiff never saw or spoke to Defendant Lemke. Plaintiff never wrote to Defendant Lemke. Neither Defendant Lemke nor anyone else ever saw Plaintiff and Taylor fighting, nor did Plaintiff advise anyone that he was in fear for his life or that he wanted a

6

cell change. While there is evidence in the record that Plaintiff filed two emergency grievances, there is no evidence that Defendant Lemke ever saw those grievances. There is, in short, no evidence that Lemke was responsible for any harm Plaintiff suffered.

In fact, this was precisely the determination the court made on initial review of Plaintiff's complaint. At that stage, although Plaintiff's complaint was insufficient to state a claim of deliberate indifference against Defendant Lemke, the court ordered that Lemke would remain in the case solely for purposes of identifying the Defendants involved in the alleged wrongdoing. *See* Minute Entry 6/10/2013 [7], citing *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dep't of Corrs.*, 56 F.3d 785, 789-90 (7th Cir. 1995). Defendant Lemke did identify the person responsible for Plaintiff's cell assignment at Stateville, but on May 20, 2014, Plaintiff acknowledged that he had been provided the identity of the person responsible for his cell assignment with Mr. Taylor, and had chosen not to proceed with any claims against her. Mr. Lemke was not involved in the cell assignment decision, and Plaintiff has acknowledged that he has no evidence that Lemke knew of the risk he faced and deliberately chose not to address it. On this record, no reasonable jury could find that Defendant Lemke was deliberately indifferent to a substantial risk of serious harm to Plaintiff. Accordingly, the court grants judgment to Defendant Lemke.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous,

malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## **CONCLUSION**

For the reasons stated above, the court grants Defendant Lemke's motion for summary judgment [#29]. The court enters judgment in favor of Defendant Lemke and dismisses the complaint with prejudice.

ENTER:

_____
REBECCA R. PALLMEYER
United States District Judge

DATE: February 9, 2015